UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Lonnie Allbaugh

(Enter above the full name of plaintiff in this action)

v.

University of Scranton

(Enter above the full name of the defendant(s) in this action)

CIVIL CASE NO: 3:CV-24-2237
(to be supplied by Clerk of the District Court)

FILED
SCRANTON
DEC 26 2024
PER _____
DEPUTY CLERK

COMPLAINT

1. The plaintiff **Lonnie Allbaugh** a citizen of the County of **Monroe** State of Pennsylvania, residing at **606 Fox Run Court, Sciota, PA 18354** wishes to file a complaint under **Title VII of the Civil Rights Act of 1964, as amended** (give Title, No., etc.) **Title VII of the Civil Rights Act of 1964, as amended**

2. The defendant is **University of Scranton**

3. STATEMENT OF CLAIM: (State below the facts of your case. If you have paper exhibits that give further information of your case, attach them to this completed form. Use as much space as you need. Attach extra sheet(s) if necessary) **Please See Attached Complaint.**

3. (CONTINUED) **Please See Attached Complaint.**

4. WHEREFORE, plaintiff prays that _____

Please see Prayer for Relief in attached Complaint pleading.

_(Signature of Plaintiff)_

**Lonnie Allbaugh**
(Printed Name of Plaintiff)

**606 Fox Run Court**
Sciota, PA 18354
(Address of Plaintiff)

**(570) 856-3674**
(Phone Number of Plaintiff)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LONNIE ALLBAUGH,

    Plaintiff,

v.                                             Civil Action Number:

UNIVERSITY OF SCRANTON,

    Defendant.

FILED
SCRANTON
DEC 26 2024
PER _____ DEPUTY CLERK

## COMPLAINT

### Jurisdiction and Venue

1. Jurisdiction is pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (e), et seq., as amended (hereinafter "Title VII").

2. Venue is properly laid in this district pursuant to 28 U.S.C. Section 1391 (b) because the defendant resides within this district and a substantial part of the events giving rise to this claim occurred in this district.

3. Complaint is filed timely as it follows First Class Mail issuance of Equal Employment Opportunity Commission's Determination and Notice of Rights and Notice of Right to Sue, dated October 2, 2024, received by Plaintiff on October 5, 2024.

### Parties

4. The Plaintiff herein is:

   NAME:      Lonnie Jason Allbaugh
   Address:   606 Fox Run Court Sciota, PA 18354

5. The Defendant herein is:

   NAME       University of Scranton
   Address    800 Linden Street
              Scranton, PA 18510-4699

## STATEMENT OF FACTS:

6. Plaintiff, Lonnie J. Allbaugh, (hereinafter "Plaintiff") alleges that the University of Scranton (hereinafter "Defendant") violated Title VII of the Civil Rights Act of 1964 as stated hereafter.

7. Plaintiff is an adult individual, who, at all relevant times hereto, resided in the Commonwealth of Pennsylvania, county of Monroe.

8. Plaintiff is an adult male who is a member of a class of individuals protected under Title VII against sex-based harassment, discrimination, and retaliation.

9. Defendant is a private University located in the Commonwealth of Pennsylvania with more than fifteen (15) employees.

10. According to the Mission of the University, Defendant is a "Catholic and Jesuit University animated by the spiritual vision and the tradition of excellence characteristic of the Society of Jesus and those who share its way of proceeding. The University is a community dedicated to the freedom of inquiry and personal development fundamental to the growth in wisdom and integrity to all who share its life."

11. In February of 2022, Plaintiff applied for the position of Deputy Title IX and EEO Coordinator and Investigator for the Office of Equity and Diversity at the University of Scranton (Defendant).

12. Plaintiff is well qualified for this position as he has multiple years of direct experience and subject matter expert performance as a Title IX Coordinator, EEO Coordinator, and EEO and Title IX Investigator.

13. Specifically, Plaintiff previously was an EEO Specialist/Investigator and EEO Coordinator as a Senior Investigator/Manager of the EEO Affairs Office with Consolidated Edison of New York, Inc.

14. Specifically, Plaintiff was formerly the Title IX Coordinator at East Stroudsburg University over the time of the implementation of the Department of Education's 2020 New Regulations for Title IX. Plaintiff completely revised the University's Title IX/Sexual Misconduct Policy over this time period and procedures for investigations and ensured compliance with these New Regulations.

15. Specifically, Plaintiff also served as Director, Employee & Labor Relations, Compliance, and Workforce Diversity at East Stroudsburg University, where he professionally conducted dozens of high-level, sensitive, and confidential EEO investigations involving staff and faculty of the University.

16. Specifically, Plaintiff also served in the role of Civil Rights Investigator at Moravian University located in Bethlehem, Pennsylvania.

17. On February 24, 2022, Plaintiff was initially interviewed for the position via Zoom with the following University Officials:   Elizabeth M. Garcia, Brian Loughney, Lauren S. Rivera, Gerianne Barber, Dr. Susan Mendez, Nancy W. Dolan, Esq., all employees of the University upon information and belief.

18. Based on information and belief, this interview panel was composed entirely of female interviewers except for one male, Brian Loughney.

19. Plaintiff advanced to the second stage of the interview process for the position of Title IX Coordinator, EEO Coordinator, and EEO and Title IX Investigator following this initial interview.

20. Plaintiff was notified that he was moved on in the applicant interview process and the next interview for the position would be on March 8, 2022. This was an in-person interview at the Defendant's location, the University of Scranton.

21. During this interview, Plaintiff was interviewed by a four-member interview panel that consisted exclusively and entirely of female interviewers.   One of these interviewers was Elizabeth M. Garcia, Esq., who at the time was Special Assistant to the President, Executive Director for the Office of Equity and Diversity, Title IX Coordinator. This entirely non-diverse interview panel excluded any males as interviewers.

22. The striking lack of diversity in the all-female panel interview process, headed by the specific Defendant Office that is tasked with ensuring an environment free of discrimination for applicants for employment as well as employees, the Office of Equity and Diversity, evidences that Plaintiff did not receive a fair and equitable opportunity to be selected for the position.

23. Following the in-person interview, Plaintiff followed up with an email to all the members of the in-person interview panel on March 9, 2022.

24. On March 14, 2022, Elizabeth M. Garcia, then Special Assistant to the President, Executive Director for the Office of Equity and Diversity, Title IX Coordinator, emailed Plaintiff and notified him that "we've decided to move forward with another candidate." Plaintiff interpreted this notification that he was not selected for the position.

25. Plaintiff replied to this email on March 14, 2022. Plaintiff thanked Ms. Garcia for the notification and for her time and consideration.

26. Curiously and with no explanation, on April 25, 2022, Plaintiff was again notified, this time by hr@scranton.edu, and informed that he was "not selected for the position." Plaintiff followed up to determine the reason that he was informed on a second occasion that he was not selected for the position, but was informed that "All is good, sorry that you received two notices."

27. On August 16, 2022, Plaintiff viewed the University of Scranton Office of Equity & Diversity webpage. The "Staff" notification indicates that Elizabeth M. Garcia, JD, is the Executive Director, Title IX Coordinator; Diana Marie Collins, JD, is the Deputy Title IX and EEO Coordinator/Investigator; and Jennifer Rose Pennington, BA, is the Administrative Assistant. Please see Office of Equity and Diversity | Equity and Diversity | The University of Scranton.

28. Based on this staff listing, Plaintiff at this time determined that Diana Marie Collins, JD, was selected for the Deputy Title IX and EEO Coordinator/Investigator position, for which he also applied and was not selected.

29. Based on information contained on the website, a Diana Marie Collins is a female who was selected for this position also applied for by Plaintiff.

30. Based upon information and belief, Ms. Collins was formerly a Professor at Scranton University and it would be reasonable to believe that she may have known Executive Director Garcia prior to the application process and may have had communications about the position or an agreement in place, made prior to or during the selection process, that she, Ms. Collins would be the selected applicant for the position.

31. It is unknown whether Ms. Collins had any prior experience as a Title IX Coordinator, EEO Coordinator, and EEO and Title IX Investigator. Plaintiff,

however has direct, applicable, and required experience as a Title IX Coordinator, EEO Coordinator, and Title IX Investigator.

32. The Office of the Deputy Title IX and EEO Coordinator/Investigator is housed in the Defendant University's Office of Equity and Diversity. With the hire of Ms. Collins, the University's Office of Equity and Diversity continues to exclude any male employees and is made up of entirely female staff.

33. Based on the "Staff" listing, there are no male employees who are or were part of the Office of Equity and Diversity at the University of Scranton during or following the hiring process.

34. Additionally, the only other Deputy Title IX Coordinator in the Office of Equity and Diversity, headed by Elizabeth M. Garcia, JD, is the Executive Director, Title IX Coordinator, is Patricia L. Tetrault, also upon information and belief, is female.

35. The selected female applicant, Ms. Collins, was added to the Office of Equity and Diversity staff, by a second round interview panel that excluded any male representation, that consisted entirely of female interviewers.

36. Defendant, by and through the Office of Equity and Diversity, subjected Plaintiff to a clearly discriminatory non-hiring event when an exclusively female interview panel selected another female University professor, who may or may not had experience with Title IX and EEO investigations, to be hired into the position in the Office of Equity and Diversity, a department clearly excluding male employees and consisting entirely of female employees.

37. Defendant's disparate treatment in the discriminatorily non-hire of Plaintiff evidences its intent to discriminate against Plaintiff on behalf of his sex/gender, male.

38. The non-hire of Plaintiff for the position of Title IX Coordinator, EEO Coordinator, and EEO and Title IX Investigator constitutes an adverse employment action. This adverse action became known to Plaintiff when he viewed Defendant's website on August 16, 2022.

### Count I    Title VII Sex Discrimination in Failure to Hire Based on Sex

39. Plaintiff repeats and repleads Paragraphs 1 through 37 of this Complaint, as more fully set forth at length and incorporated herein by reference.

40. At all relevant times hereto, Plaintiff was a male who, at the time of both rounds of interviewing for the position of a Title IX Coordinator, EEO Coordinator, and EEO and Title IX Investigator, was a member of a class of individuals protected against discrimination on the basis of sex/gender.

41. Title VII prohibits discriminatory treatment in employment and pre-employment on the basis of sex/gender.

42. At all relevant times hereto, Defendant owed a duty to its employees and applicants for employment, including Plaintiff, to provide a workplace free from sex/gender discrimination and disparate treatment.

43. Defendant, by and through the actions of the Title IX Coordinator and Executive Director of the Office of Equity and Diversity Elizabeth Garcia, clearly and unequivocally breached its duty to provide employees and applicants for employment a workplace free from sex/gender discrimination and disparate treatment.

44. Defendant's policies and/or practices with respect to the prohibition of sex/gender discrimination at work, found in and purportedly enforced by the Office of Equity and Diversity, were intentionally disregarded and clearly deficient and inadequate to prevent, correct, and/or remedy sex/gender discrimination and disparate treatment.

45. One of these policies, the Defendant's Non-Discrimination and Anti-Harassment Policy contains the Non-Discrimination Statement. In pertinent part,

> The University is committed to providing an educational, residential, and working environment that is free from harassment and discrimination. Members of the University community, **applicants for employment** or admissions, guests and visitors have the right to be free from harassment or discrimination based on race, color, religion, ancestry, **gender, sex,** pregnancy, sexual orientation, gender identity or expression, age, disability, genetic information, national origin, veteran status, or any other status protected by applicable law. (emphasis added)

46. Ironically and to the detriment of male applicants for positions with Defendant, Executive Director and Title IX Coordinator Elizabeth Garcia is the contact person and responsible Defendant administrator for providing information about this policy and tasked with addressing reported violations of this policy and the enforcement of this provision.

47. The Office of Equity and Diversity is also tasked with ensuring the Defendant University's compliance with Title VII, as well as "protecting equal opportunity, related to conditions, terms and privileges of employment and education," and "supporting the University in its **proactive recruitment, hiring,** and retention policies to enhance a welcoming, multicultural community." (emphasis added)

48. Defendant clearly failed to exercise any amount of reasonable care to prevent, correct, and/or remedy sex/gender discrimination and disparate treatment in the workplace to an applicant for employment. Reasonable care, exercised by the Executive Director of the Office of Equity and Diversity, would have been, at a minimum, ensuring a diverse interview panel that did not exclude the sex/gender of the applicant who was denied the position.

49. As a result of Defendant's failure to exercise reasonable care to prevent, correct, and/or remedy sex/gender discrimination and disparate treatment in the workplace to an applicant for employment, Executive Director of the Office of Equity and Diversity and Title IX Coordinator Elizabeth Garcia was provided tacit authority by the Defendant to engage in unlawful sex/gender discrimination, as more fully described herein.

50. In fact, based upon information and belief and reviewing the entire applicant process for the non-selection of Plaintiff, Executive Director of the Office of Equity and Diversity and Title IX Coordinator Elizabeth Garcia did act with an intention to discriminate against Plaintiff on account of his sex/gender.

51. Executive Director of the Office of Equity and Diversity and Title IX Coordinator Elizabeth Garcia's discriminatory intent manifested in the non-hire of Plaintiff for the Deputy Title IX and EEO Coordinator and Investigator position, a position for which he was directly qualified.

52. The discriminatory non-hire of Plaintiff was without valid basis and a clear pretext for sex/gender discrimination and disparate treatment as clearly evidenced by the current makeup of the entire Equity and Diversity Office being exclusively female employees and excluding male employees.

53. Following the discriminatory non-hire of Plaintiff, a female who may not have had the experience with Title IX or as an EEO coordinator and investigator, but rather previously was a professor at the University, was placed into the position.

54. The position that the female candidate Diana Collins was selected for by Ms. Garcia, a female, was in a Department, the Office of Equity and Diversity Department, that consists entirely of female employees and contains none and in fact excludes male employees.

55. The unlawful sex/gender discrimination against Plaintiff as an applicant for employment clearly evidences discriminatory intent based on the entire Office of Equity and Diversity excluding male employees and consisting entirely of female employees.

56. Based upon the foregoing, Plaintiff alleges that the Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (e), et seq., as amended.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands: (1) judgment against the Defendant in an amount to make him whole for all damages suffered by him as a result of Defendant's violation of Title VII, including but not limited to punitive damages; (2) that this Court order Defendant from further violating Title VII in the hiring or treatment of employees or applicants for employment; (3) that this Court grant him all other appropriate remedies under and those authorized pursuant to Title VII and all other relief that he is entitled to under law and equity including offset for tax consequences.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

*/s/ Lonnie Allbaugh*

Lonnie Allbaugh
606 Fox Run Court
Sciota, PA 18354
(570) 856-3674
Lonnieallbaugh1020@gmail.com

Dated:      December 19, 2024

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

**PRIORITY MAIL**
FLAT RATE ENVELOPE
POSTAGE REQUIRED

UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

RECEIVED
SCRANTON
DEC 2 6 2024
PER [signature]
DEPUTY CL

**PRIORITY MAIL**

FROM: Lonnie Allbaugh
606 Fox Run Court
Sciota, PA 18354

TO: U.S. District Court
Middle District of Pennsylvania
P.O. Box 1148
235 N. Washington Ave.
Scranton PA 18501-1148

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE

PRESS FIRMLY TO SEAL        PRESS FIRMLY TO SEAL

how2recycle.info
FSC MIX FSC® C110019
PAPER POUCH

Retail
US POSTAGE PAID
$10.45
Origin: 18354
12/19/24
4175200354-15

PRIORITY MAIL®
0 Lb 3.30 Oz
RDC 03
B099

EXPECTED DELIVERY DAY: 12/23/24

SHIP TO:
PO BOX 1148
SCRANTON PA 18501-1148

USPS TRACKING #
9505 5108 2802 4354 3581 48

OD: 12 1/2 x 9 1/2
Info POUCH

UNITED STATES POSTAL SERVICE®

- Expected delivery date specif
- Domestic shipments include $
- USPS Tracking® service includ
- Limited international insuranc
- When used internationally, a c

*Insurance does not cover certain items
Domestic Mail Manual at http://pe.usps.
** See International Mail Manual at http:

**FLAT RATE EN**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INS**

PS00001000014

This package is made from post-consumer waste. Please recycle - again.

