SECOND AMENDED COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LONNIE ALLBAUGH, | : | CIVIL NO: 3:24-CV-2237 |
| Plaintiff, | : | |
| | : | (Judge Saporito) |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| UNIVERSITY OF SCRANTON; | : | |
| Defendant. | : | |

## JURISDICTION AND PARTIES

1. **Jurisdiction:** This Court has jurisdiction under 28 U.S.C. Section 1331 and 42 U.S.C. Section 2000e-5(f) (3) because the action arises under Title VII of the Civil Rights Act of 1964.

2. This Second Amended Complaint is being filed following this Honorable Court's Report and Recommendation dated May 15, 2025, and pursuant to Local Rule 15., Amended and Supplemental Pleadings, providing Plaintiff leave to amend the original complaint.

3. **Parties:** Plaintiff is a male resident of the state of Pennsylvania, County of Monroe, residing at 606 Fox Run Court, Sciota, who applied for employment with the Defendant, the University of Scranton. Defendant is a private educational institution in Scranton, PA, and an employer under 42 U.S.C. Section 2000e (b).

## STATEMENT OF THE CLAIM

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000€ et. Seq., for unlawful employment discrimination on the basis of sex. Plaintiff applied for and was denied the position of Deputy Title IX and EEO Coordinator and Investigator with

1

Defendant in their Department of Equity & Diversity. Plaintiff has years of direct experience with all aspects and essential job functions for all of these job titles.

Rather, the position was provided to a female, a former Writing Professor employed by Defendant and who is lesser qualified in all of the duties of the position than Plaintiff. The hiring decision was not based on experience, qualifications, or other legitimate, non-discriminatory criteria. Rather, the decision was based on and motivated by Plaintiff's sex. The motive of Defendant is evident following reviewing Defendant's actions during the hiring process of assembling an entirely non-diverse (all female) hiring panel for the second interview, chaired by the former Special Assistant to the President and current Director of the Equity & Diversity Office (female), selecting a female who was lesser qualified and also employed by Defendant at the time, and placed into the Equity & Diversity Office that consists entirely of female employees. As a direct and proximate result of Defendant's refusal to hire Plaintiff, Plaintiff suffered a loss of this employment opportunity and other damages.

## FACTUAL ALLEGATIONS

4. **Job Posting**:

    In early 2022, Defendant advertised a job opening for the position of Deputy Title IX and EEO Coordinator and Investigator within its Office of Equity & Diversity. Plaintiff has previous professional experience as a Title IX Coordinator, an EEO Coordinator, and Investigator as identified in the job posting. In February of 2022, Plaintiff applied for this position.

5. **Plaintiff's Qualifications**:

    Plaintiff applied for the position in February of 2022 and was interviewed via Zoom for a first round which resulted in him advancing to the second round of interviews. This second round interview was in-person and was held on March 9, 2022.

    - Plaintiff has held the formal position of Title IX Coordinator with a university and has the requisite qualifications for this aspect of the position;

- Plaintiff has held the formal position of EEO Coordinator with a private employer and has the requisite qualifications for this aspect of the position;

- Plaintiff has held the position of EEO/Title IX Investigator with a university and private employer and has the requisite qualifications for this aspect of the position.

- Plaintiff's qualifications have been clearly reviewed and acknowledged by Defendant as he successfully advanced through the job posting and first round of the interview process.

6. **Interview Process:**

    - Plaintiff successfully advanced through the first round of interviews held in February of 2022. Significantly, this first round of interviews was the only round that consisted of a single male interviewer being included on the hiring panel.

    - The Director of the Office of Equity & Diversity, Elizabeth M. Garcia, (female), assembled an in-person **all-female interview panel** composed entirely of four (4) of Defendant's female employees for the second round of interviews. There were no male interviewers to diversify the hiring panel.

    - Additionally, at the time of hiring through the present, while a smaller office consisting of three (3) employees, Defendant's Office of Equity & Diversity, had no male employees in any role and currently has no male employees in any role in this office.

7. **Hiring Decision**

    - Defendant hired Diana Collins (female), J.D. into the role, a former professor in the Writing Department with Defendant prior to being placed into the Title IX and EEO Coordinator and Investigator position.

    - There is no information available as discovery has not occurred that identified Ms. Collins' direct experience or lack thereof as a former Deputy Title IX and/or EEO Coordinator and/or Investigator as she most recently employed as a Writing Professor with Defendant.

8. **Circumstances Supporting Claim of Discrimination:**

   - The hiring panel for this position was an entirely non-diverse panel and consisted entirely of female interviewers which is in direct contradiction to the Office of Equity & Diversity's stated mission and responsibilities. This hiring panel was assembled by the former Special Assistant to the President and now current Director of the Office of Equity & Diversity, Elizabeth M. Garcia, who is "responsible for the oversight and implementation of the University's Non-Discrimination and Anti-Harassment policy." *Defendant's Office of Equity & Diversity homepage.*

   - Despite the Office's mandate and mission, the Director of Equity and Diversity Office – an office whose very purpose is to promote and ensure fair, unbiased, and inclusive employment practices across the Defendant's hiring process – failed to ensure even minimal diversity on the hiring panel. Instead, the Director constituted a hiring panel composed entirely of female interviewers, excluding male representation in its entirety.

   - This omission is not a neutral or administrative oversight – it is a material and discriminatory act that clearly **at a minimum raises a plausible inference of gender-based discriminatory intent.** The decision to exclude male representation on the panel was intentional and not inadvertent as Director Garcia had full control over the panel composition and made a deliberate choice to exclude gender diversity, not withstanding the fact that the position itself was within the Office of Equity and Diversity and purportedly governed by the principles of fairness and inclusion.

   - The fact that a Director charged with safeguarding equal opportunity and inclusion intentionally designed a homogenous, non-diverse hiring panel reflects not only discriminatory bias but also the clear and stark abandonment of universally accepted criteria intended to ensure fairness. Had Director Garcia, the Defendant employee who would have

the highest expectations of providing this inclusive practice, followed basic EEO and Title VII compliance, a balanced, gender-diverse panel would have been convened.

- The discriminatory composition of the hiring panel is especially alarming given its exclusive power to influence interview questions, evaluate responses, and recommend selections. By excluding male representation from the panel, Defendant ensured that Plaintiff would not receive an unbiased or equitable evaluation and thereby violating Title VII's guarantee of equal consideration regardless of sex. If Director Garcia wanted to have diverse panel for these interviews, she would have created a diverse panel for these interviews.

- This egregious failure to assemble a gender-diverse panel, by none other than the Director of the Office of Equity and Diversity, is not a mere procedural irregularity; it is a central, substantive element of Plaintiff's complaint of discrimination. It supports a reasonable expectation that discovery will further reveal evidence of bias treatment and systematic bias based on gender.

- Accordingly, the striking lack of diversity on the hiring panel, as orchestrated by the Director of Equity and Diversity herself, provides compelling circumstantial evidence of intentional discrimination and strongly supports the plausibility of Plaintiff's claim under the Third Circuit pleading standards.

- This allegation alone, in conjunction with Plaintiff's protected status, qualification for the position, and non-selection under numerous suspect conditions, is sufficient to state a plausible claim of sex discrimination under the standards articulated in *Swierkiewicz, Iqbal, Twombly,* and *Connelly v. Lane Construction Corp.*, 809 F.3d 780 (3d Cir. 2016).

- Further, the Office of Equity & Diversity is the Department of the identified Deputy Title IX and EEO Coordinator and Investigator position. However, at the time of the hiring process throughout 2025, the composition of the office was comprised exclusively and entirely of

female employees. Whether there has been a long-standing systematic exclusion of male employees from this office is a relevant inquiry to be made known through discovery.

- The Director of Equity & Diversity, Elizabeth Garcia, (female), made the ultimate selection of the successful candidate for the position. As Director of this Office, she would be the very employee directly responsible for "ensuring Defendant's compliance with Title VII of the Civil Rights Act," "[P]rotects equal opportunity, related to terms and privileges of employment and education" for employees and applicants, and "[P]resent training on discrimination.. prevention." *Defendant's Office of Equity & Diversity* homepage.

- Sometime following the selection of Ms. Collins and commencement of Plaintiff's complaint filed with the Pennsylvania Human Relations Commission (PHRC), a necessary action in order to file a complaint in federal court, Elizabeth Garcia held the title of Special Assistant to the President of Defendant removed, a title she formerly had prior to this selection process.

- The successful applicant, Diana Collins (female), a former Writing Professor with Defendant and co-worker of Elizabeth Garcia, was selected by Garcia for the position. Prior to discovery, there is no indication that Collis has any prior direct experience with any or all aspects of the position, either as a Deputy Title IX Coordinator, EEO Coordinator, or Investigator.

- As Director Garcia and former Writing Professor Collins were co-workers, they would be clearly able to communicate both via Defendant email and digitally to discuss the position and to communicate internally regarding the status of the hiring process or to communicate about the questions that would be provided during the interviews or basis for the evaluations. This is especially relevant as Defendant indicated in an Answer filed with the Pennsylvania Human Relations Commission (PHRC) during the Administrative phase of this complaint that Director Elizabeth Garcia and Diana Collins had not met *in person* prior to submitting her application for this position. However, and extremely conspicuously, Defendant did not

6

disavow that they had never interacted or communicated in any manner. Defendant did not aver that they had not corresponded via email communication or digital communication about the position prior to her submitting her application or during the hiring process as this would have been precisely the opportunity to provide that information if factual.

- These facts and clear observations, when taken together, give rise to a plausible and reasonable inference that Plaintiff's gender was a motivating factor in Defendant's decision not to hire him, in violation of Title VII. As under controlling Third Circuit precedent, allegations of employment discrimination need not be a prima facie case under McDonell Douglas, but rather a prima facie case is an evidentiary standard and not a pleading requirement, and only sufficient facts must be alleged to raise a reasonable expectation that discovery would reveal evidence of the necessary elements of the claim. *Connelly v. Lane Construction Corp.*, 809 F. 3d 780 (3rd Cir. 2016).

## COUNT I: GENDER DISCRIMINATION UNDER TITLE VII

9. Plaintiff incorporates numbers 1 – 8 as if fully restated here.

10. **Prima Facie Case:**

- Pursuant to *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, (2002), *Connelly v. Lane Construction Corporation*, 809 F. 3d 780 (3rd Cr. 2016) and *Martinez v. UPMC Susquehanna*, 986 F.3d 261 (3d Cir. 2021), and other 3rd Circuit cases, there is not a requirement that a prima facie case of discrimination is shown in the pleading phase nor is a prima facie case required to survive a motion to dismiss. Rather, the only requirement is that the employment discrimination plaintiff must allege facts sufficient only to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the claim.

- Irrespective of this Supreme Court determination and Third Circuit precedent, addressing the prima facie elements of a discrimination complaint, Plaintiff is a male, a protected class under Title VII (Iadimarco v. Runyon, 190 F.3d 151 (3d Cir. 1999).

- The Plaintiff is imminently qualified for the position, as he has direct experience performing the essential functions of all components and titles of the Title IX Coordinator, EEO Coordinator, and Investigator position.
- The Plaintiff suffered an adverse employment action (non-hire).
- The circumstances surrounding this discriminatory non-hire, as identified in the "Circumstances Supporting Claim of Discrimination" Section 8. of this instant Title VII complaint, give rise to a clear inference of intentional discrimination based on sex and that facts have been pled that plausibly suggest a reasonable expectation that discovery will reveal evidence of the necessary elements of the claim that allows the complaint to proceed.

## PRAYER FOR RELIEF

Plaintiff requests:

- Punitive Damages
- Injunctive Relief (including revised hiring practices or further EEO training specifically regarding the hiring process for Defendant)
- Any other relief the Court deems just.

Respectfully submitted,

*[signature]*

Lonnie Allbaugh, Pro Se
606 Fox Run Court
Sciota, PA 18354
(570) 856-3674
Lonnieallbaugh1020@gmail.com