SECOND AMENDED COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LONNIE ALLBAUGH, | : | CIVIL NO: 3:24-CV-2237 |
| Plaintiff, | : | (Judge Saporito) |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| UNIVERSITY OF SCRANTON; | : | |
| Defendant | : | |

**PLAINTIFF'S BRIEF IN SUPPORT OF PLEADING STANDARD OF SECOND AMENDED COMPLAINT**

Plaintiff Lonnie Allbaugh respectfully submits this brief in support of his Second Amended Complaint and accepted pleading standard in Title VII discrimination complaints, and in opposition to any motion to dismiss, and states as follows:

### I. INTRODUCTION

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., alleging gender-based employment discrimination after Defendant failed to hire him for a position for which he was objectively qualified and instead selected a less qualified female candidate. The totality of the facts, including an entirely non-diverse all-female hiring panel, the position housed in a Department, the Equity & Diversity Office that contains no diversity and is made up entirely of female employees, the fact that Elizabeth Garcia, former Special Assistant to the President and currently the Title IX and EEO Director with Defendant's Office of Equity and Diversity is a female who is quite literally in charge of ensuring Defendant not discriminate against employees or applicants, clearly give rise to an inference of discriminatory animus sufficient to survive a motion to dismiss.

1

The Court previously dismissed Plaintiff's initial complaint but granted leave to amend. This Second Amended Complaint and instant brief addresses the deficiencies noted by the Court and is drafted in full compliance with Fed. R. Civ. P. 8(a), Local Rule 72.3, and applicable Supreme Court and Third Circuit precedent.

In the May 15, 2025, Report and Recommendation issued by the Court, leave to amend was provided following a preliminary finding that Plaintiff has not sufficiently plead a prima facie case of discrimination. Plaintiff provides this brief in response to the determination of the Court that the complaint be dismissed. Rather, this brief is being supplied to show that the prima facie case analysis, cited in the Report and Recommendation, is in fact not the applicable standard to be applied in an employment discrimination complaint, but rather will show that in compliance with Supreme Court and 3rd Circuit precedent that the *McDonnell Douglas* prima facie standard is an evidentiary standard, not a pleading standard. Thus, for a plaintiff in an employment discrimination complaint, the plaintiff must allege facts sufficient to raise only a reasonable expectation that discovery will reveal evidence of the necessary elements of the discrimination complaint.

## II. LEGAL STANDARD

A complaint should only be dismissed under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim upon which relief can be granted. However, the pleading standard under Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, the test for sufficiency of a complaint at the pleading stage is not one of evidentiary production or persuasion, but simply of notification. In the Third Circuit, a complaint suffices under Ruel 8(a) if it affords Defendant "fair notice" of what the plaintiff's "claim is and the grounds upon which it rests." *Conley v. Lane Construction Corp*, 809 F. 3d 780 (3rd Cir. 2016).

However, in federal employment discrimination actions, particularly under Title VII of the Civil Rights Act of 1964, it has been recognized that plaintiffs face unique challenges in accessing key evidence necessary to substantiate their claims prior to discovery. The Third Circuit, consistent with Supreme Court precedent, recognizes this asymmetry in the information possessed and able to be accessed by plaintiff and applies a pleading standard that permits such claims to survive a motion to dismiss even in the absence of detailed factual allegations that would typically constitute a prima facie case under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

The fundamental challenge facing employment discrimination plaintiffs lies in the uneven distribution of relevant evidence between plaintiffs and defendants. The practical implications of this stark information imbalance cannot be overstated. An employment discrimination plaintiff typically knows only that their own employment history and the and the observable circumstances surrounding the discriminatory non-hire event. The plaintiff is put at a distinct disadvantage as they cannot access the employer's internal decision-making processes, comparative treatment and evaluation of other applicants for the position, or the specific rationale and consideration behind personnel decision such a hiring.

Requiring such employment discrimination plaintiffs to plead detailed facts supporting each element of a prima facie case would essentially require plaintiffs to guess and speculate at information that they possibly cannot attain or review at the complaint stage.

Unlike many other areas of civil litigation where both parties have relatively equal access to relevant facts, employment discrimination cases involve claims where virtually all relevant evidence remains within the defendant employer's exclusive possession and control. This evidence includes internal emails discussing hiring decisions, detailed evaluations and scoring systems used in the hiring decision, notes from interviews and performance records, and communications between members of the hiring panel and candidates, including internal candidates.

**SUPREME COURT PRECEDENT**

The seminal Supreme Court case *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, (2002), specifically addresses whether an employment discrimination complaint must include specific facts establishing a prima facie case under the *McDonnell Douglas* framework to withstand a motion to dismiss. The Court held unequivocally that a plaintiff is <u>not</u> required to plead a prima facie case of discrimination under the *McDonnell Douglas* framework at the motion to dismiss stage. Rather, the court determined that the prima facie framework is an evidentiary standards, not a pleading standard. *Swierkiewicz* established a foundational principle that employment discrimination plaintiffs need <u>not</u> plead a prima facie case to survive a motion to dismiss.

*Swierkiewicz* recognizes the realities of employment discrimination litigation, where direct evidence of discriminatory intent is rarely available to plaintiffs at the outset of litigation. The Court understood that requiring plaintiffs to plead facts supporting each element of a prima facie case would create an insurmountable barrier for many legitimate discrimination claims to be addressed by the court. *Swierkiewicz* reasoned that requiring detailed factual allegations would improperly impose a heightened pleading standard inconsistent with Rule 8(a), and would circumvent the liberal discovery process designed to uncover relevant facts, particularly those within the exclusive possession and control of employers.

**THIRD CIRCUIT PRECEDENT**

The Third Circuit has adopted the reasoning of *Swierkiewicz*. In *Fowler v. UPMC Shadyside*, 578 F. 3d 203 (3d. Cir. 2009), the court held that an employment discrimination plaintiff is <u>not</u> required to establish a prima facie case to survive a motion to dismiss. The court noted that while the McDonnell Douglas framework outlines the plaintiff's burden at trial, it does not impose a pleading standard. Instead, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its

face, aligning with the standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U. S. 554 (2007).

The Third Circuit has consistently adhered to the principles articulated in *Swierkiewicz*. Further reinforcing this position, the Third Circuit in *Connelly v. Lane Construction Corp.*, 809 F. 3d 780 (3rd. Cir. 2016), reiterated that the plaintiff alleging employment discrimination need not plead a prima facie case under McDonnell Douglas to survive a motion to dismiss. The court emphasized that the prima facie case is an evidentiary standard, not a pleading requirement, and that ***complaint need only allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the claim and plausibly suggest an entitlement to relief.*** In *Connelly*, the Third Circuit explicitly rejected the proposition that a plaintiff must plead a full prima facie case to survive a motion to dismiss.

The plausible reasonable expectation that discovery would reveal necessary elements of the claim standard was reiterated in *Martinez v. UPMC Susquehanna*, 986 F.3d 261 (3d Cir. 2021), where the Third Circuit emphasized that employment discrimination claims often rely on information that is solely within the control of the employer. *Martinez* emphasized the importance of allowing the plaintiffs the opportunity to access evidence through discovery, including documents such as hiring evaluations, interview notes, and internal communications which are not available at any other time than following discovery. Significantly, in *Martinez v. UPMC Susquehanna*, 986 F.3d 261 (3d Cir. 2021), the court reiterated that the pleading threshold is "plausibility," not probability, and that the complaint should not be dismissed unless the allegations are clearly insufficient under any legal theory.

The Third Circuit's approach in Martinez, by focusing on whether the allegations raise a reasonable expectation that discovery will reveal evidence of discrimination rather than requiring detailed proof at the pleading stage, the Third Circuit ensures that discrimination claims can be evaluated on their merits rather than being dismissed based on informational limitations that exist in an employment discrimination complaint prior to discovery.

The Third Circuit's approach allows plaintiffs to present "commonsense" allegations that support reasonable inferences of discrimination without requiring access to detailed internal employer information. This approach recognizes that requiring detailed factual specificity at the pleading stage would effectively immunize employers from discrimination claims, as the information needed to meet such a standard typically remains within the employer's exclusive possession and control.

### PLEADING STANDARDS POST TWOMBLY AND IQUBAL

Under *Twombly* and *Iqbal,* a discrimination complaint must contain "enough factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. However, in *Swierkiewicz,* the Supreme Court held that a complaint in a Title VII discrimination case **need not allege specific facts establishing a prima facie case under *McDonnell Douglas*.** Rather, it need only contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." 534 U.S. at 508.

While *Twombly* and *Iqbal* have heightened pleading requirements in some respects, the **Third Circuit has continued to recognize that *Swierkiewicz* has not been overruled, and that a complaint need not establish a prima facie case at the pleading stage.** See e.g., *Connelly v. Lane Construction Corp.,* F.3d 780, 788-89 (3d Cir. 2016). "*Swierkiewicz* remains good law in the wake of *Twombly* and Iqbal. While it is no longer sufficient to allege bald assertions that plaintiff was subjected to discrimination, **the complaint need not allege every element of the prima facie case; it must only allege fact sufficient to raise a reasonable expectation that discovery will reveal evidence of the necessary elements."**

### EVIDENCE IN DEFENDANT'S EXCLUSIVE POSSESSION AND CONTROL AT THE PLEADING PHASE

The evidence and information imbalance between the parties is particularly acute in cases involving subtle or sophisticated forms of discrimination. Modern workplace discrimination rarely involves explicit statements of discriminatory intent the would be observed or known by the victim. Instead, it is common that discrimination often manifests itself through patterns of differential treatment, pretextual

justifications for adverse actions, and pre-determined decisions aligning with a discriminatory rationale for hiring. These discriminatory actions can only be identified as such through a comprehensive review of the documented hiring process that necessarily involve scoring rubrics, evaluations, determinations, internal correspondences, and notes from the hiring panel reflecting rationale for the hiring determination. Requiring plaintiffs to demonstrate these patterns at the pleading stage and prior to discovery would demonstrably immunize employers who engage in discrimination through facially neutral policies or practices.

### THE DISCOVERY IMPERATIVE FOR EMPLOYMENT DISCRIMINATION PLAINTIFFS

Federal discovery rules provide powerful tools for uncovering evidence of discrimination, including requests for production of personnel files, hiring and promotion records, and email and digital communication, and witness depositions. However, these tools become meaningless if cases are dismissed at the pleading stage based on information that plaintiffs cannot reasonably be expected to possess. The Third Circuit's approach ensures that discrimination plaintiffs can access the discovery process necessary to establish the necessary elements of the discrimination claim while still requiring some factual basis for the claim.

### ACCESS TO EVIDENCE IN DEFENDANT'S POSSESSION

In an employment discrimination complaint, key evidence necessary to demonstrate discriminatory intent is frequently within the employer's exclusive possession and control. Examples include:

- Interview scores and evaluation and ranking forms;
- Internal communications regarding basis for hiring decisions/recommendations;
- Hiring panel notes and assessments;
- Emails and other digital communications regarding hiring determinations, possibly between members of the hiring panel and internal applicants;
- Internal communications between members of the hiring panel and internal applicants;
- Demographic makeup of departments;
- Statements or documented actions by decision makers revealing bias.

Because of this inherent information access imbalance, courts in the Third Circuit recognize that a plaintiff should not expect to plead facts that can only be uncovered through discovery. *Connelly, 809 F. 3d at 791.* This pragmatic approach protects the integrity of the judicial process and aligns with the underlying purpose of the Federal Rules – to ensure a just determination of every action. Premature dismissal of employment discrimination claims before discovery undermines this purpose and allows for potential discriminatory practices to go unchecked and without remedy.

### III. ARGUMENT

A. <u>Plaintiff Has Stated a Plausible Claim for Gender Discrimination Under Title VII. This claim includes:</u>

- Plaintiff timely applied for the position of Deputy Title IX and EEO Coordinator and Investigator for which he was objectively qualified in each of the three (3) components of this listed position, based on his having years of direct, prior experience in all three (3) components of the position of Title IX and EEO Coordinator and Investigator;

- Defendant implicitly acknowledged Plaintiff's qualifications for the position as he advanced through the first stage of this hiring process in the initial Zoom interview. Significantly, this was the only round of interviews for this position of which Defendant included a male interviewer;

- The second round of interviews for the position was in-person at Defendant's Scranton location. This second round of interviews consisted entirely of a non-diverse hiring panel made up exclusively of female interviewers for the position of Deputy Title IX and EEO Coordinator in the Office of Equity & Diversity.

- The hiring chair for this position was Elizabeth Garcia (female), former Special Assistant to the President and current Director of the Office of Equity and Diversity, is the very designated employee by the Defendant tasked with promoting and ensuring a discrimination-free environment for employees and applicants with Defendant.

- Following this second round interview, Plaintiff was notified that he was not selected for the position.

- The position was provided to a female applicant, a former professor of Writing with the University. Upon information and belief, this applicant was lesser qualified for the position than Plaintiff who had direct experience with each of the three (3) specific and defined roles and responsibilities of the position.

- This hire of a lesser qualified female for the position perpetuated the entirely non-diverse makeup of the employees working in the Defendant's Office of Equity & Diversity. The Office that is under the Direction of Elizabeth Garcia, former Special Assistant to the President, Title IX and EEO Coordinator, and Director of the Office Equity & Diversity, and is made up entirely of female employees. While the office only contains at a minimum three (3) employees, it does not negate that the Office, the Office of Equity & Diversity, is made up of and comprised entirely of female employee which was perpetuated with this hire of a lesser qualified female for the position.

- These facts, when taken together, give clear rise to the reasonable and plausible inference that Plaintiff's gender was a motivating factor in Defendant's decision not to hire him, in violation of Title VII. While each of these facts if they were taken singularly and standing alone arguably may establish prima facie, when taken together, they clearly establish sufficient facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the claim which is the Supreme Court and Third Circuit pleading standard for the complaint to move forward.

B.   Plaintiff Is Not Required to Plead a Prima Facie Case at This Stage

- The Supreme Court in *Swierkiewicz*, and the Third Circuit in *Connelly* and *Dreibelbis v. City of Reading*, No. 23-1800, 2024 WL 188858 (3d Cir. Jan. 17, 2024), explicitly held that an

9

employment discrimination plaintiff is <u>not</u> required to plead a McDonnell Douglas prima facie case to survive dismissal.

- Specifically, in *Dreibelbis*, Third Circuit explicitly stated: "We do not require a plaintiff to plead a prima facie case of discrimination to survive a motion to dismiss." The court recognized that employment discrimination plaintiffs often cannot allege the full panoply of facts required to satisfy a *McDonnell Douglas* prima facie case because such information—such as hiring scores, interview notes, internal discussions, and email communications—is within the exclusive possession of the defendant employer.

C.  Discovery Is Needed to Uncover Evidence in the Possession of Defendant

- Courts have recognized that employment discrimination plaintiffs are often unable to access key evidence prior to discovery. See *Connelly*, 809 F.3d at 791. This includes internal communications, evaluation criteria, and hiring rationale that remain solely within the control of Defendant. Dismissing this case before discovery would unfairly preclude Plaintiff from having a fair opportunity of proving his claim and effectively insulate discriminatory conduct from judicial review.

- Specifically, courts in the Third Circuit routinely deny motions to dismiss in employment discrimination cases where the plaintiff pleads the core facts of the adverse action and protected status or activity, but where the full evidentiary record – such as interview evaluations, hiring panel notes, and internal correspondences identifying determinative criteria of the selection process, is unavailable without discovery. *Connelly*, 809 F.3d 780, 791 (3d. Cir. 2016).

- In complaints where detailed evidence is necessary to fully substantiate the allegations and it resides exclusively within the control and possession of Defendant, proceeding to discovery is essential to uncover this evidence and allow the court to render a just decision based on a complete factual record. Denying discovery at this state would unjustly hinder plaintiff's ability

to prove his claims and would contravene and violate established precedents that recognize the necessity of discovery in similar cases.

## IV. CONCLUSION

The ultimate test of any pleading standard must be whether it serves the underlying purposes of federal employment discrimination law: providing meaningful remedies for victims of workplace discrimination and deterring discriminatory conduct. Supreme Court and Third Circuit precedent achieves these goals by preserving access to the discovery process where discrimination claims can be properly evaluated while avoiding the creation of judicial barriers that would effectively immunize discriminatory conduct from judicial scrutiny.

The pleading standard for employment discrimination claims in the Third Circuit is intentionally less stringent than requiring a prima facie case. This standard, grounded in Supreme Court precedent and reaffirmed by recent circuit decisions, ensures that plaintiffs have a fair opportunity to uncover the necessary evidence to prove their claims. Courts must also take into account the reality that the defendant employer controls a great amount of the relevant evidence, and that Rule 8 requirement of "a short and plain statement" requirement is satisfied when the complaint gives fair notice of the claim and grounds upon which it rests.

Accordingly, courts in the Third Circuit have dismissed motions where the complaint plausibly alleges discrimination, even if all facts necessary to establish a prima facie case cannot yet be alleged. The discovery process, not the pleading phase, is the proper mechanism to assess the strength of a plaintiff's case in employment discrimination litigation.

For the foregoing reasons, Plaintiff respectfully requests that this Court deny any motion to dismiss the Second Amended Complaint and allow this matter to proceed to discovery.

Respectfully submitted,

*/s/ Lonnie Allbaugh*

Lonnie Allbaugh, Pro Se
606 Fox Run Court
Sciota, PA 18354
(570) 856-3674
Lonnieallbaugh1020@gmail.com