## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

LONNIE ALLBAUGH,

               Plaintiff

     v.

UNIVERSITY OF SCRANTON,

              Defendant.

CIVIL ACTION NO. 3:24-CV-2237

(MEHALCHICK, J.)

## MEMORANDUM

Plaintiff Lonnie Allbaugh ("Allbaugh") initiated this action by filing a complaint against Defendant the University of Scranton on December 26, 2024, alleging discrimination on the basis of sex. (Doc. 1). Before the Court is the Report and Recommendation (the "Report") of the Honorable Magistrate Judge Susan E. Schwab (Doc. 13) addressing a motion to dismiss the complaint (Doc. 7) filed by the University of Scranton. The Report recommends the motion to dismiss be granted but that Allbaugh be granted leave to amend. (Doc. 13). The Court agrees with the conclusions set forth in the Report. (Doc. 13). Accordingly, the motion to dismiss (Doc. 7) will be **GRANTED** and Allbaugh's objection to the Report (Doc. 14-1) will be **OVERRULED**. The Court further finds that Allbaugh has violated this Court's Local Rules, the undersigned's preferences and orders on the use of generative artificial intelligence, and the Federal Rules of Civil Procedure by citing to non-existent legal authority generated by artificial intelligence. The Court will **SANCTION** Allbaugh. Allbaugh is hereby

**ORDERED** to pay a fine of $1,000.00 to the Clerk of Court within **thirty (30) days** of the of this memorandum and its accompanying order, on or before September 5, 2025.

I.    BACKGROUND

Since the Report explains the factual background of this case in detail, the Court will only detail here what is relevant for the purposes of this Memorandum. (Doc. 13, at 5-9). In February 2022, Allbaugh applied for the position of Deputy Title IX and EEO Coordinator and Investigator for the Office of Equity and Diversity at the University of Scranton. (Doc. 1, ¶ 11). Allbaugh has prior experience as a Title IX Coordinator, EEO Coordinator, and EEO and Title IX Investigator. (Doc. 1, ¶ 12). On February 24, 2022, Allbaugh interviewed for the position via Zoom. (Doc. 1, ¶¶ 17-18). On March 8, 2022, Allbaugh interviewed for the position again but this time in-person, and four women interviewed Allbaugh for the position. (Doc. 1, ¶¶ 20-21). On March 14, 2022, Elizabeth M. Garcia, one of Allbaugh's interviewers, informed Allbaugh that the University of Scranton was moving forward with another candidate and on April 25, 2022, the University of Scranton's human resources office informed Allbaugh he was not selected for the position. (Doc. 1, ¶¶ 24-26). Diana Marie Collins ("Collins"), a former professor at the University of Scranton, was selected for the position. (Doc. 1, ¶¶ 28-30). Allbaugh alleges he was not selected for the position because he is a man and as evidence of discrimination, he alleges that his in-person interview was conducted by all women, the University of Scranton's website lists only three women and no men as the Office of Equity and Diversity's staff, and Collins, a woman, was selected for the position for which Allbaugh applied. (Doc. 1, ¶¶ 22, 27, 30-36).

On February 4, 2025, the University of Scranton filed a motion to dismiss for failure to state a claim along with a brief in support. (Doc. 7; Doc. 8). Judge Schwab issued the

Report recommending the Court grant the University of Scranton's motion to dismiss on May 15, 2025. (Doc. 13). On June 2, 2025, Allbaugh filed an amended complaint along with a memorandum which the Court interprets as an objection to the Report. (Doc. 14; Doc. 14-1). On June 16, 2025, the University of Scranton filed a brief in opposition to Allbaugh's objection to the Report. (Doc. 15). In its brief, the University of Scranton noted that Allbaugh's objection included a citation to *Dreibelbis v. City of Reading*, No. 23-1800, 2024 WL 188858 (3d Cir. Jan. 17, 2024). (Doc. 15, at 14). The University of Scranton asserted that it was unable to locate this case, and that Allbaugh failed to comply with Local Rule 7.8(a) by failing to furnish the Court with a copy of the unpublished case that he relied on. (Doc. 15, at 14). The Court conducted a search for this case and similarly could not find it. On June 25, 2025, the Court issued an order to show cause ordering Allbaugh to provide an explanation for why the potentially fictitious citation did not violate this Court's standing order on the use of generative artificial intelligence, the Federal Rules of Civil Procedure, and the Pennsylvania Rules of Professional Conduct. (Doc. 16). On July 1, 2025, Allbaugh filed a response to this Court's order to show cause in which he admitted to using generative AI and claimed the citation to *Dreibelbis v. City of Reading* was meant to be a citation to *Dreibelbis v. County of Berks*, 438 F. Supp. 3d 304 (E.D. Pa. 2020). (Doc. 17). On July 8, 2025, the University of Scranton filed a response to Allbaugh's reply. (Doc. 18). Accordingly, this matter is ripe for discussion.

## II.    LEGAL STANDARDS

### A.    MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

### B. DISTRICT COURT REVIEW OF A REPORT AND RECOMMENDATION

""A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on

the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

## III.   DISCUSSION

The Report concludes that Allbaugh has failed to state a claim for Title VII sex-based discrimination because he has not presented allegations which "create a reasonable inference of discrimination." (Doc. 13, at 10-14). Allbaugh avers that Judge Schwab erred by applying the *McDonnell Douglas*[1] burden shifting standard to a motion to dismiss. (Doc. 14-1). According to Allbaugh, the *McDonnell Douglas* standard is an evidentiary standard reserved for summary judgment and if Judge Schwab applied the proper pleadings standard, she would have recommended denying the University of Scranton's motion to dismiss. (Doc. 14-1, at 8-12). The University of Scranton counters that Judge Schwab correctly found that Allbaugh has failed to allege facts which, when taken as true, support an inference of intentional

---

[1] This standard was first established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, in which the Court held that when analyzing discriminatory hiring claims, courts first must consider whether a plaintiff has established a *prima facie* case that an employer's decision not to hire them was discriminatory. 411 U.S. 792, 802 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S. Ct. 1701 (1993). The Court further found that once a plaintiff establishes a *prima facie* case, the burden shifts to the employer to propose a non-discriminatory reason for its decision not to hire the plaintiff. *McDonnell Douglas Corp.*, 411 U.S. at 802-03. The Court concluded that if the employer establishes a non-discriminatory reason for not hiring the plaintiff, the burden shifts back to the plaintiff to establish that the employer's proposed non-discriminatory reason is pretextual or "discriminatory in its application." *McDonnell Douglas Corp.*, 411 U.S. at 807.

discrimination. (Doc. 15, at 7-11). The University of Scranton also notes that Allbaugh relies on a fictitious citation in violation of this Court's standing order on the use of generative AI and the Federal Rules of Civil Procedure. (Doc. 15, at 14-15). The Court will first assess Allbaugh's objection to the Report and then turn to Allbaugh's fictitious citation.

A. ALLBAUGH FAILS TO STATE A CLAIM

The complaint's sole count alleges that the University of Scranton discriminated against Allbaugh on the basis of his sex when they did not hire him for the position of Deputy Title IX and EEO Coordinator and Investigator. (Doc. 1, ¶¶ 39-56). Judge Schwab recommended the Court dismiss the complaint without prejudice because the complaint fails to allege facts which create "a reasonable inference of discrimination." (Doc. 13, at 13). Judge Schwab cited the *McDonnell Douglas* burden shifting standard in the Report and discussed whether Allbaugh alleges sufficient facts to establish a *prima facie* case of discrimination. (Doc. 13, at 9-14). Allbaugh avers that Judge Schwab's citation to the *McDonnell Douglas* burden shifting standard was in error because the *McDonnell Douglas* standard is an evidentiary standard which does not apply in the pleadings stage. (Doc. 14-1, at 3-6). According to Allbaugh, the Court should reject the Report because Judge Schwab applied the wrong standard and the complaint's allegations are sufficient to create an inference of intentional discrimination. (Doc. 14-1, at 6-12). The University of Scranton counters that Judge Schwab properly applied the *Twombly-Iqbal* pleadings standard and correctly concluded that Allbaugh has not alleged any facts that when taken as true create an inference of intentional discrimination. (Doc. 15, at 7-11).

Title VII states "[i]t shall be an unlawful employment practice for an employer. . . to fail or refuse to hire or to discharge any individual. . . because of such individual's. . . sex."

42 U.S.C.A. § 2000e-2 (a). When a defendant moves for summary judgment against a Title VII plaintiff, the plaintiff bears the burden of establishing a *prima facie* case of discrimination under the *McDonnell Douglas* standard. *See Fuentes v. Perskie,* 32 F.3d 759, 763 (3d Cir. 1994). However, this standard does not apply in the pleadings stage. *See Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 511 (2002); *see also Gladden v. Solis*, 490 F. App'x 411, 412 (3d Cir. 2012) (nonprecedential). Instead, to state a claim for Title VII discrimination, a plaintiff must "allege facts showing that she had suffered an adverse employment action under circumstances that could give rise to an inference of intentional discrimination." *Newton-Haskoor v. Coface N. Am.*, 524 F. App'x 808, 810 (3d Cir. 2013) (nonprecedential); *see also Gladden*, 490 F. App'x at 412.

To survive a motion to dismiss, a plaintiff must put forward allegations which create "a reasonable expectation that discovery will show that he was qualified or not hired based on improper considerations." *Gladden*, 490 F. App'x at 412. Allegations that a plaintiff is qualified for a position, part of a protected class, and that the defendant failed to hire a proportional number of members of the plaintiff's protected class are alone insufficient to create an inference of discrimination. *Chandler v. Univ. of Pennsylvania*, 927 F. Supp. 2d 175, 180 (E.D. Pa. 2013) (finding that a plaintiff's allegations that she was qualified for a position, a member of a protected class as a black woman, and that the defendant did not hire a proportional amount of black employees were insufficient to state a claim for racial discrimination). Similarly, allegations that an individual from a different class was hired over the plaintiff are insufficient to create an inference of discrimination unless the complaint also alleges the individual hired was less qualified than the plaintiff. *Chandler*, 927 F. Supp. 2d at 181 (finding that a plaintiff's allegations that she was not hired for a position because she was

black and that the finalists for the position were not black were insufficient to create an inference of racial discrimination absent an allegation that the finalists were less qualified than the plaintiff).

Although Judge Schwab cited the language of the *McDonnell Douglas* standard in the Report, Judge Schwab properly applied the *Twombly-Iqbal* standard for assessing a motion to dismiss. (Doc. 13, at 4). Judge Schwab accepted all Allbaugh's non-conclusory allegations as true and evaluated whether the allegations created a "reasonable inference of discrimination." (Doc. 13, at 9-14). Looking to the allegations in the complaint, the only allegations which Allbaugh offers to support his discrimination claim are that his second-round interview was conducted by women, three staff members listed on the University of Scranton's Office of Equity and Diversity website are women, and that Collins, a woman, was ultimately hired for the position for which Allbaugh applied. (Doc. 1, ¶¶ 22, 27, 30-36). Notably, the complaint does not allege that Collins was less qualified for the position than Allbaugh but instead only alleges that she was previously a professor at the University of Scranton and that Allbaugh does not know whether she had the same prior experience as him.[2] (Doc. 1, ¶¶ 29-31). These allegations are insufficient to create an inference of discrimination. *See Gladden*, 490 F. App'x at 412; *see also Chandler*, 927 F. Supp. 2d at 181. Although Judge Schwab relied on language typically reserved for a motion for summary judgment in the Report, she concluded that

---

[2] Allbaugh asserts in his objection that Collins was less qualified for the position than him. (Doc. 14-1, at 9). This allegation does not appear in the complaint and the Court may not consider factual allegations raised for the first time in opposition to a motion to dismiss. *See Fultz v. Am. Fed'n of State, Cnty. & Mun. Emps., Council 13*, 549 F. Supp. 3d 379, 388–89 (M.D. Pa. 2021), *aff'd sub nom. Barlow v. Serv. Emps. Int'l Union Loc.*, 668, 90 F.4th 607 (3d Cir. 2024).

Allbaugh's allegations failed to create an inference of discrimination, and her conclusion was sound. (Doc. 13, at 13). Accordingly, Allbaugh's objection is **OVERRULED**.

B. A̲L̲L̲B̲A̲U̲G̲H̲ ̲I̲S̲ ̲S̲U̲B̲J̲E̲C̲T̲ ̲T̲O̲ ̲S̲A̲N̲C̲T̲I̲O̲N̲S̲.

In Allbaugh's objection to the Report, Albaugh relied upon the following citation: *Dreibelbis v. City of Reading*, No. 23-1800, 2024 WL 188858 (3d Cir. Jan. 17, 2024). (Doc. 14-1, at 9-10). Allbaugh now admits that "this citation may have been generated and/or relied upon content produced with the assistance of generative artificial intelligence tools." (Doc. 17, at 1). According to Allbaugh, this was a "good faith error" and he meant to cite to *Dreibelbis v. County of Berks*, 438 F. Supp. 3d 304 (E.D. Pa. 2020). (Doc. 17, at 1).

Federal Rule of Civil Procedure 11(b) states:

> By presenting to the court a pleading, written motion, or other paper. . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11 (b)

"On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c). All parties that appear before a federal court must comply with the Federal Rules of Civil Procedure and any local rules, including *pro se* litigants. *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542-43 (1991); *see also Mickell v. Geroulo*, No. 3:19-CV-01730, 2020 WL 3163206, at *3-4 (M.D. Pa. June 12, 2020), *aff'd*, No. 20-2438, 2021 WL 5054352 (3d Cir. Nov. 1, 2021).

"[T]he guiding purpose in fixing Rule 11 sanctions is fashioning a sanction adequate to deter undesirable future conduct." *DiPaolo v. Moran*, 407 F.3d 140, 146 (3d Cir. 2005).

While district courts have discretion in determining sanctions, courts should not impose sanctions more severe than necessary to deter future misconduct. *See Zuk v. E. Pennsylvania Psychiatric Inst. of the Med. Coll. of Pennsylvania*, 103 F.3d 294, 301 (3d Cir. 1996). A court may sanction a party for violating Rule 11(b) if they display "objectively unreasonable conduct—in a word, negligence." *Wharton v. Superintendent Graterford SCI*, 95 F.4th 140, 148 (3d Cir. 2024). Both attorneys and *pro se* parties may be sanctioned if their actions are objectively unreasonable "under the circumstances." *Bus. Guides, Inc.* , 498 U.S. at 551; *see also Mickell*, 2020 WL 3163206, at *3-4 (sanctioning a *pro se* plaintiff). Courts will consider a plaintiff's *pro se* status when determining whether sanctions are warranted. *See Mickell*, 2020 WL 3163206, at *3-4; *see also Miller v. Lancaster Cnty.*, No. 1:24-CV-14, 2025 WL 675451, at *4 (M.D. Pa. Mar. 3, 2025). However, *pro se* plaintiffs with "substantial legal training" are generally held to a higher standard than *pro se* plaintiffs with no legal training. *Allen v. Aytch*, 535 F.2d 817, 821 (3d Cir. 1976) (finding that a third-year law student with "substantial legal training" was not entitled to the same deference as an ordinary *pro se* plaintiff when interpreting their filings); *see also Khawam v. Allen*, No. CV 23-22465, 2025 WL 654107, at *6 (D.N.J. Feb. 27, 2025) (finding that an attorney proceeding as a *pro se* plaintiff was not entitled to the same deference as an ordinary *pro se* plaintiff when interpreting their filings).

Rule 11 does not prohibit the use of generative AI, however, it does require parties to verify that they are not submitting briefs to the Court which rely on fictitious cases. *See Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 464-66 (S.D.N.Y. 2023) (sanctioning a party for citing to fictitious cases generated by AI); *see also Bunce v. Visual Tech. Innovations, Inc.*, No. CV 23-1740, 2025 WL 662398, at *4 (E.D. Pa. Feb. 27, 2025) (same). Courts may impose financial sanctions on litigants who rely on generative AI and fail to conduct reasonable diligence to

ensure the cases they are citing to exist and stand for the propositions they are cited for. *See Mata*, 678 F. Supp. 3d at 464; *see also Bunce*, 2025 WL 662398, at \*4. When calculating sanctions, courts typically fine parties who provide AI generated fictitious citations within the range of \$1,000 to \$6,000. *See Mata*, 678 F. Supp. 3d at 466 (fining \$5,000); *see also Bunce*, 2025 WL 662398 at \*4 (fining \$2,500); *see also Benjamin v. Costco Wholesale Corp.*, No. 2:24-cv-7399, 2025 WL 1195925, at \*9 (E.D. NY Apr. 24, 2025) (fining \$1,000); *see also Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC,* No. 2:24-CV-00326, 2025 WL 1511211, at \*2 (S.D. Ind. May 28, 2025) (fining \$6,000).

Allbaugh admits that his citation to *Dreibelbis v. City of Reading* was a fictitious citation. (Doc. 17, at 1). Allbaugh avers that he meant to cite *Dreibelbis v. County of Berks*. (Doc. 17, at 10). However, there are several issues with this explanation. First, Allbaugh cited *Dreibelbis v. City of Reading* as an unreported Third Circuit case from January 2024. (Doc. 14-1, at 9-10). In reality, *Dreibelbis v. County of Berks* is a reported Eastern District of Pennsylvania case from February 2020. 438 F. Supp. 3d at 304. Local Rule 7.8(a) requires litigants to supply copies of unreported cases, and had Allbaugh complied with this rule, he would have discovered that the fictitious case did not exist because he would not have been able to provide the Court with a copy of it. Further, Allbaugh cited the case as stating, "[w]e do not require a plaintiff to plead a *prima facie* case of discrimination to survive a motion to dismiss.". (Doc. 14-1, at 10). However, this language does not appear in *Dreibelbis v. County of Berks*. 438 F. Supp. 3d at 304. Allbaugh not only provided a fictitious citation to the Court, but also provided a non-existent quote that is unattributable to the source he claims he cited.

Allbaugh also claims that he "reviewed the Local Rules and Orders for the United States District Court for the Middle District of Pennsylvania Rules of the Court" and found

that "the use of AI is not addressed." (Doc. 17, at 2). While the Court acknowledges that this case was not assigned to the undersigned until after Allbaugh filed his objection with the fictitious citation, the Middle District of Pennsylvania's website specifically includes a webpage for the undersigned which includes a "Use of Generative AI" standing order stating:

> Increased use of Artificial Intelligence ("AI"), particularly Generative AI (including, but not limited to, OpenAI's ChatGPT or Google's Bard), in the practice of law raises a number of practical concerns for the Court, including the risk that the generative AI tool might generate legally or factually incorrect information, or that it might create unsupported or nonexistent legal citations. As such, any party, whether appearing *pro se* or through counsel, who utilizes any generative AI tool in the preparation of any document to be filed in any matter pending before Judge Mehalchick, must include with the document a Certificate of Use of Generative AI in which the party must disclose and certify:
>
> 1.   The specific AI tool that was used;
>
> 2.   The portions of the filing prepared by the AI program; and
>
> 3.   That a person has checked the accuracy of any portion of the document generated by AI, including all citations and legal authority.
>
> J. Karoline Mehalchick, *Judges Information—Use of Generative AI*, U.S Dist. Ct. for the M.D. of Pa., https://www.pamd.uscourts.gov/content/judge-karoline-mehalchick (last visited Aug. 6, 2025).

The Court's requirements regarding the use of generative AI is easily accessible on the internet. Further, even if the Court did not have a standing order on generative AI use, Allbaugh has an obligation to comply with the requirements of Rule 11. *See Mata*, 678 F. Supp. 3d at 464; *see also Bunce*, 2025 WL 662398, at *4. The Court acknowledges that Allbaugh is proceeding *pro se*, however, Allbaugh admits that he is a former attorney. (Doc. 17, at 2). Courts hold *pro se* litigants with substantial legal training to a higher standard than *pro se* litigants with no legal expertise. *See Allen*, 535 F.2d at 821; *see also Khawam*, 2025 WL 654107, at *6. While Allbaugh asserts he is retired, he nonetheless has a legal education and should be familiar with the Federal Rules of Civil Procedure. (Doc. 17, at 2).

Because Allbaugh is proceeding *pro se*, the Court finds that a fine on the lower end of the range of fines imposed by courts for similar offenses to be appropriate. *See Mata*, 678 F. Supp. 3d at 466; *see also Bunce*, 2025 WL 662398 at *4; *see also Benjamin*, 2025 WL 1195925, at *9; *see also Mid Cent. Operating Eng'rs Health & Welfare Fund*, 2025 WL 1511211, at *2. Allbaugh is hereby ordered to pay a fine of $1,000.00 to the Clerk of Court within thirty days of this memorandum and its accompanying order. Allbaugh has sufficient legal training to be familiar with the requirements of Rule 11, and he is required to conduct a reasonable inquiry to ensure his "legal contentions are warranted by existing law." Fed. R. Civ. P. 11(b). A litigant who blindly trusts AI-generated citations does not conduct a reasonable inquiry into the reliability of his legal contentions. *See Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (stating "[a]t the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely"); *see also Mata*, 678 F. Supp. 3d at 464-66. The Court finds that a penalty of $1,000.00 is appropriate given Allbaugh's legal education and *pro se* status. (Doc. 17, at 2).

## IV. LEAVE TO AMEND

Judge Schwab recommended the Court grant leave to amend because Allbaugh could allege additional facts which give rise to an inference of discrimination. (Doc. 13, at 14-17). The University of Scranton requests this Court dismiss Allbaugh's claims with prejudice. (Doc. 18, at 3). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave

14

to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (nonprecedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Here, the Court agrees with the Report's conclusion that Allbaugh should be offered the opportunity to file an amended complaint. (Doc. 13, at 14-17). Amendment would not be inequitable or futile because Allbaugh has only filed one complaint and may be able to allege facts which create an inference of discrimination. *See Chandler*, 927 F. Supp. 2d at 183 (dismissing a complaint without prejudice because the plaintiff could allege facts which create an inference of discrimination). The Court notes that Allbaugh has already filed what appears to be an amended complaint. (Doc. 14). However, Allbaugh filed this amended complaint without the University of Scranton's consent and without leave to amend. Federal Rule of Civil Procedure 15(a)(2) requires "the opposing party's written consent or the court's leave" for a plaintiff to file an amended complaint. Accordingly, Allbaugh must refile his amended complaint within thirty days of this memorandum and its accompanying order.

## V.    CONCLUSION

The court has reviewed the Report and Recommendation of Judge Schwab and agrees with its conclusions. (Doc. 13). The Report is therefore adopted as the decision of this Court. (Doc. 13). Allbaugh's objection is **OVERRULED**. (Doc. 14-1). The University of Scranton's motion to dismiss is **GRANTED**. (Doc. 7). Allbaugh's complaint is **DISMISSED without prejudice**. (Doc. 1). Allbaugh is **GRANTED** leave to file an amended complaint within **thirty (30) days** of this memorandum and its accompanying order. The Court further **SANCTIONS** Allbaugh for violating this Court's local rules, directives on the use of generative artificial intelligence, and the Federal Rules of Civil Procedure. Allbaugh is hereby **ORDERED** to pay

a $1,000.00 penalty to the Clerk of Court within **thirty (30) days** of this memorandum and its accompanying order. An appropriate Order follows.

BY THE COURT:

Dated: August 28, 2025          *s/ Karoline Mehalchick*
_____
**KAROLINE MEHALCHICK**
**United States District Judge**