UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONNIE ALLBAUGH,<br><br>        Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF SCRANTON,<br><br>        Defendant. | CIVIL ACTION NO. 3:24-CV-2237<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Plaintiff Lonnie Allbaugh ("Allbaugh") commenced this action on December 26, 2024, by filing a *pro se* complaint. (Doc. 1). On May 15, 2025, Magistrate Judge Susan E. Schwab issued a report and recommendation (the "Report") recommending that the Court dismiss Allbaugh's complaint, but that Allbaugh be granted leave to amend. (Doc. 13). On June 2, 2025, Allbaugh filed a memorandum objecting to the Report. (Doc. 14-1). In that memorandum, Allbaugh provided the following fictitious citation: *Dreibelbis v. City of Reading*, No. 23-1800, 2024 WL 188858 (3d Cir. Jan. 17, 2024). (Doc. 14-1, at 9-10). On August 28, 2025, the Court issued an Order adopting the Report and sanctioning Allbaugh $1,000.00 for violating the Court's local rules, the Court's standing order on the use of generative artificial intelligence, and Federal Rule of Civil Procedure 11. (Doc. 20). Before the Court is Allbaugh's motion for reconsideration regarding the Court's sanction. (Doc. 22). For the following reasons, the Court **DENIES** Allbaugh's motion.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

Since the Court's previous Memorandum correctly states the procedural and factual background of this case, it will not be repeated in its entirety here. (Doc. 9). Allbaugh initiated this action on December 26, 2024, by filing a complaint alleging that the University of

Scranton discriminated against him on the basis of his sex. (Doc. 1). On February 4, 2025, the University of Scranton filed a motion to dismiss, which Judge Schwab recommended the Court grant. (Doc. 7; Doc. 13). On June 2, 2025, Allbaugh filed an amended complaint along with a memorandum that the Court interpreted as an objection to the Report. (Doc. 14; Doc. 14-1; Doc. 19, at 3). In that memorandum, Allbaugh included the following citation: *Dreibelbis v. City of Reading*, No. 23-1800, 2024 WL 188858 (3d Cir. Jan. 17, 2024). (Doc. 14-1, at 9). Allbaugh also included quotations he claimed were attributable to *Dreibelbis v. City of Reading*. (Doc. 14-1, at 10). On June 16, 2025, the University of Scranton filed a response to Allbaugh's objection, stating that *Dreibelbis v. City of Reading* did not exist. (Doc. 15, at 14-15). On June 25, 2025, the Court issued an order to show cause directing Allbaugh to explain why his citation to a fictious case does not violate the Court's standing order on the use of generative artificial intelligence, the Federal Rules of Civil Procedure, and the Pennsylvania Rules for Professional Conduct. (Doc. 16). On July 1, 2025, Allbaugh filed a response in which he admitted that he relied on generative artificial intelligence, and claimed that the citation to *Dreibelbis v. City of Reading*, an unreported Third Circuit case, was meant to be a citation to *Dreibelbis v. County of Berks*, 438 F. Supp. 3d 304 (E.D. Pa. 2020), a reported Eastern District of Pennsylvania case. (Doc. 17). On August 28, 2025, the Court issued a Memorandum and Order adopting the Report, dismissing Allbaugh's complaint without prejudice, and sanctioning Allbaugh $1,000.00 for violating the local rules, the Court's standing order on the use of generative artificial intelligence, and the Federal Rules of Civil Procedure. (Doc. 19; Doc. 20). On September 26, 2025, Allbaugh filed a motion for reconsideration. (Doc. 22). On October 10, 2025, the University of Scranton filed a brief in opposition. (Doc. 24). Allbaugh did not file a timely reply brief. Accordingly, this matter is fully briefed and ripe for disposition

## II. LEGAL STANDARD

A motion for reconsideration is a device of limited utility which may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To prevail, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III. DISCUSSION

In his motion for reconsideration, Allbaugh avers that the Court should either eliminate or reduce the sanction it imposed because his erroneous citation was not in bad faith, his *pro se* status merits mitigation, the sanction is not narrowly tailored to deter future misconduct, and other district courts have declined to impose sanctions where a party cited to nonexistent cases. (Doc. 22, at 5-8). The Court rejects Allbaugh's motion for three reasons. First, Allbaugh's motion for reconsideration is untimely under the local rules. Under Local Rule 7.10, "[a]ny motion for reconsideration. . . must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned." The Court issued its Order sanctioning Allbaugh on August 28, 2025. (Doc. 20). Allbaugh did not file his

motion for reconsideration until September 26, 2025, twenty-nine days after the Court's order.[1] (Doc. 22).

Second, even if Allbaugh's motion were timely, it fails because Allbaugh does not present any intervening change in controlling law, new evidence, or a need to correct a clear error of fact or law. *Max's Seafood Café ex rel. Lou-Ann, Inc.*, 176 F.3d at 677. Allbaugh relies on nonprecedential decisions and presents no controlling authority or facts contradicting the Court's prior analysis. (Doc. 22, at 5-8). Further, Allbaugh's arguments are restatements of his previous arguments, and motions for reconsideration should be denied where a movant merely repeats arguments the Court already rejected. Doc. 17; Doc. 22, at 5-8; *see Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (denying a motion for reconsideration where the plaintiff repeated arguments already rejected by the court); *see Smalis v. City of Pittsburgh*, No. 2:19-CV-1609, 2024 WL 2319508, at *2 (W.D. Pa. May 22, 2024) (same); *see also In re Discipline of Elliott J. Schuchardt, PA*, No. MC 20-720, 2020 WL 6083289, at *1 (W.D. Pa. Oct. 15, 2020) (same).

Finally, Allbaugh's motion is based on several mischaracterizations of the factual and procedural history of this case. For example, Allbaugh posits that his *pro se* status "[m]erits [m]itigation" because he "has not ever practiced law in the state of Pennsylvania nor ever filed a pleading with a Pennsylvania court, [and] there was no notice, awareness, or knowledge of the requirement to review for rules that cover the use of [generative artificial intelligence]." (Doc. 22, at 6). Allbaugh fails to acknowledge that the Court did not just sanction him for failing to comply with the Court's standing order for the use of generative

---

[1] The Court also notes that Allbaugh failed to comply with Local Rule 7.10's requirement that "[a]ny motion for reconsideration. . . must be accompanied by a supporting brief." Allbaugh appears to have combined both his motion and brief into one document. (Doc. 22).

4

artificial intelligence but also for failing to comply with Federal Rule of Civil Procedure 11, which requires parties to verify that they are not submitting briefs that rely on fictitious cases. (Doc. 19, at 10-14). Even though Allbaugh is proceeding *pro se*, the Court determined that, as a retired attorney, he should be familiar with the Federal Rules of Civil Procedure and Rule 11's requirement that parties verify that the cases they cite to exist. (Doc. 19, at 10-14). Further, contrary to Allbaugh's argument that the Court failed to consider his *pro se* status, the Court mitigated the sanction imposed based on Allbaugh's *pro se* status by imposing "a fine on the lower end of the range of fines imposed by courts for similar offenses." (Doc. 19, at 14).

      Allbaugh also mischaracterizes the current procedural posture of this case by stating "there is no foreseeable circumstance where [he] will file further pleadings in this District Court as [he] is not licensed to practice law in the state." (Doc. 22, at 7). However, on the same day Allbaugh filed his motion for reconsideration, he also filed an amended complaint, and he clearly intends to continue litigating this case and to file briefs when necessary. (Doc. 21). Since filing his motion for reconsideration, the University of Scranton filed a motion to dismiss, and Allbaugh filed a brief in opposition. (Doc. 23; Doc. 28). Further, this matter has been referred to Judge Schwab for the issuance of another report and recommendation, and if Judge Schwab recommends the Court grant the University of Scranton's motion to dismiss, Allbaugh will have the opportunity to file an objection under 28 U.S.C.A. § 636. Allbaugh's nonexistent citation appeared in an objection to a report and recommendation. (Doc. 14-1, at 9-10). Allbaugh could be in the same circumstances in which he previously violated Rule 11,

the local rules, and the Court's standing order on the use of generative artificial intelligence.[2]

Accordingly, the Court **DENIES** Allbaugh's motion. (Doc. 22).

IV. <u>CONCLUSION</u>

For the foregoing reasons, Allbaugh's motion for reconsideration is **DENIED**. (Doc. 22).

An appropriate Order follows.

BY THE COURT:

**Dated: October 31, 2025**               *s/ Karoline Mehalchick*
                                          **KAROLINE MEHALCHICK**
                                          **United States District Judge**

---

[2] The Court further notes that Allbaugh cites to unreported cases in his motion for reconsideration but does not provide the Court with copies of those cases, in accordance with Local Rule 7.8(a). (Doc. 22). The Court previously advised Allbaugh that if he had complied with Local Rule 7.8(a), he would have discovered that he cited to a fictitious unreported case. (Doc. 19, at 12). Even after being sanctioned, Allbaugh continues to ignore the local rules.