**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LONNIE ALLBAUGH, | |
| Plaintiff | CIVIL ACTION NO. 3:24-CV-02237 |
| v. | (MEHALCHICK, J.) |
| UNIVERSITY OF SCRANTON, | |
| Defendant. | |

**MEMORANDUM**

Plaintiff Lonnie Allbaugh ("Allbaugh") initiated this action by filing a complaint against Defendant the University of Scranton on December 26, 2024, alleging discrimination on the basis of sex. (Doc. 1). On September 26, 2025, Allbaugh filed the operative amended complaint. (Doc. 21). On October 10, 2025, the University of Scranton filed a motion to dismiss for failure to state a claim. (Doc. 23). Before the Court is the report and recommendation of Magistrate Judge Susan E. Schwab recommending that the Court grant the University of Scranton's motion to dismiss. (Doc. 34). On May 1, 2026, Allbaugh filed a timely objection.[1] (Doc. 35). Based on the Court's review of the relevant filings along with the

---

[1] The Court notes that Allbaugh labeled his initial timely objection as a brief in opposition to the report and recommendation. (Doc. 35). On May 8, 2026, Allbaugh filed a document labeled as an objection to the report and recommendation along with a brief in support of the objection. (Doc. 36; Doc. 36-1). Given the liberal pleading standards for *pro se* litigants, the Court will consider Allbaugh's improperly labeled brief in opposition as a timely objection and will consider Allbaugh's untimely objection. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating "[a] document filed *pro se* is 'to be liberally construed'"); *see also Wright v. Curcillo*, No. 1:21-CV-00481, 2022 WL 20033342, at *1 (M.D. Pa. Jan. 14, 2022) (considering a *pro se* plaintiff's late-filed objection to a report and recommendation).

report, the Court adopts the report in full, overrules the objections, and grants the University of Scranton's motion to dismiss.

## I. BACKGROUND AND PROCEDURAL HISTORY

The following background is taken from the amended complaint and, for the purposes of the instant matter, is taken as true. (Doc. 21). In February 2022, Albaugh applied for the position of Deputy Title IX and Equal Employment Opportunity ("EEO") Coordinator and Investigator for the Office of Equity and Diversity at the University of Scranton. (Doc. 21, at 3). Allbaugh has prior experience as a Title IX Coordinator, EEO Coordinator, and EEO and Title IX Investigator. (Doc. 21, at 3). Albaugh interviewed for the position twice, once in February and once in March. (Doc. 21, at 4). Albaugh's second interview in March was conducted exclusively by female employees. (Doc. 21, at 6). The University of Scranton hired Dianna Collins ("Collins"), a woman, for the position. (Doc. 21, at 4). Collins previously worked as a professor in the University of Scranton's writing department but did not have experience as a Title IX Coordinator, EEO Coordinator, or as a Title IX or EEO investigator. (Doc. 21, at 4-5). The University of Scranton's Office of Equity and Diversity has only three or four female employees and no male employees. (Doc. 21, at 5).

In the amended complaint, Allbaugh alleges that the University of Scranton discriminated against him on the basis of sex in violation of Title VII by hiring a less qualified female candidate over him. (Doc. 21, at 6-8). On October 10, 2025, the University of Scranton filed a motion to dismiss for failure to state a claim. (Doc. 23). On October 14, 2025, the University of Scranton filed a brief in support. (Doc. 25). On October 29, 2025, Allbaugh filed a brief in opposition. (Doc. 28). On April 14, 2026, Judge Schwab filed the report and

recommendation. (Doc. 34). On May 1, 2026, Albaugh filed a timely objection. (Doc. 35). Accordingly, this matter is ripe and ready for disposition.

## II. LEGAL STANDARD

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

## III. DISCUSSION

Judge Schwab recommended that the Court dismiss Allbaugh's sex discrimination claim because Allbaugh fails to allege circumstances which give rise to an inference that the University of Scranton intentionally discriminated against him. (Doc. 34, at 10-12). According to Judge Schwab, Allbaugh's allegations that his second interview was conducted

3

by all women and that the University of Scranton's small Office of Equity and Diversity has only female employees are not, on their own, sufficient to create an inference of discrimination. (Doc. 34, at 10-11). Judge Schwab further concluded that Allbaugh's conclusory statement that Collins, the woman hired over Allbaugh, was less qualified than him does not create an inference of discrimination. (Doc. 34, at 12). Allbaugh objects to Judge Schwab's recommendation and argues that Judge Schwab impermissibly applied the summary judgment *McDonnell Douglas prima facie* standard to a motion to dismiss. (Doc. 35, at 9-10; Doc. 36-1, at 7-8). According to Allbaugh, Judge Schwab should have considered his allegations that he was interviewed by all women, the University of Scranton's Office of Equity and Diversity only employed women, and that Collins had less qualifications than him together to conclude that he stated a claim for hiring discrimination and further scrutiny would only be appropriate after discovery. (Doc. 35, at 10-14; Doc. 36-1, at 8-12).

Title VII states "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual . . . because of such individual's. . . sex." 42 U.S.C.A. § 2000e-2 (a). When a defendant moves for summary judgment against a Title VII plaintiff, the plaintiff bears the burden of establishing a *prima facie* case of discrimination under the *McDonnell Douglas* standard. *See Fuentes v. Perskie,* 32 F.3d 759, 763 (3d Cir. 1994). However, this standard does not apply in the pleadings stage. *See Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 511 (2002) (noting that the *McDonnell Douglas* standard is used to assess motions for summary judgment, not motions to dismiss); *see also Gladden v. Solis,* 490 F. App'x 411, 412 (3d Cir. 2012) (nonprecedential) (stating "to survive a motion to dismiss, a plaintiff need not establish the elements of a [*McDonnell Douglas*] *prima facie* case; a plaintiff merely must 'put forth allegations that raise a reasonable expectation that discovery will reveal evidence of

the necessary element'" (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)). Instead, to state a claim for Title VII discrimination, a plaintiff must "allege facts showing that she had suffered an adverse employment action under circumstances that could give rise to an inference of intentional discrimination." *Newton-Haskoor v. Coface N. Am.*, 524 F. App'x 808, 810 (3d Cir. 2013) (nonprecedential); *see also Gladden*, 490 F. App'x at 412.

To survive a motion to dismiss, a plaintiff asserting a discriminatory hiring claim must put forward allegations which create "a reasonable expectation that discovery will show that he was qualified or not hired based on improper considerations." *Gladden*, 490 F. App'x at 412. Allegations that a plaintiff is qualified for a position, part of a protected class, and that the defendant failed to hire a proportional number of members of the plaintiff's protected class are alone insufficient to create an inference of discrimination. *Chandler v. Univ. of Pennsylvania*, 927 F. Supp. 2d 175, 180 (E.D. Pa. 2013) (finding that a plaintiff's allegations that she was qualified for a position, a member of a protected class as a black woman, and that the defendant did not hire a proportional amount of black employees were insufficient to state a claim for racial discrimination). Allegations that the decision makers behind a hiring decision were not part of the plaintiff's protected class also do not create an inference of discrimination. *See Coulton v. Univ. of Pennsylvania*, 237 F. App'x 741, 748 (3d Cir. 2007) (nonprecedential) (stating "[t]he mere fact that [the adverse decision makers] were of a different [protected class] than [the plaintiff], however, is insufficient to permit an inference of discrimination"). Similarly, allegations that an individual from a different class was hired over the plaintiff are insufficient to create an inference of discrimination unless the complaint also alleges the individual hired was less qualified than the plaintiff. *Chandler*, 927 F. Supp. 2d at 181 (finding that a plaintiff's allegations that she was not hired for a position because she was black and

5

that the finalists for the position were not black were insufficient to create an inference of racial discrimination absent an allegation that the finalists were less qualified than the plaintiff). A plaintiff also may not rely on conclusory statements that their employer hired or replaced them with someone less qualified than them to survive a motion to dismiss absent specific allegations showing that the other person is less qualified. *See Bradley v. Aria Health, No. 10-5633, 2011 WL 2411026, at \*2 (E.D. Pa. June 15, 2011)* (finding that a plaintiff failed to state a claim for gender discrimination by stating, in a conclusory fashion, that he was replaced by a "less qualified female"). The decision to hire a candidate outside of the plaintiff's protected class over the plaintiff does not create an inference of discrimination when the hired candidate has a pre-exiting working relationship with the employer and the plaintiff does not. *See Royster v. Laurel Highlands Sch. Dist.*, 595 F. App'x 105, 108 (3d Cir. 2014) (nonprecedential) (finding that a school district hiring candidates who were "current employees of the [s]chool [d]istrict" over the plaintiff who had "no prior work relationship with the [s]chool [d]istrict" did not create an inference of discrimination even though the hired candidates were not members of the plaintiff's protected class).

Here, the Court agrees with Judge Schwab's conclusions. (Doc. 34, at 10-12). Looking to the amended complaint, Allbaugh does not allege he was exclusively interviewed by women and in fact, concedes that a man was on his first-round interview panel. (Doc. 21, at 4). These allegations do not support an inference of discrimination because even if Allbaugh was interviewed exclusively by women, which he was not, the fact that women interviewed him, and were presumably the ones in charge of the decision to hire him, does not by itself indicate that those women discriminated against him on the basis of sex. *See Coulton*, 237 F. App'x at 748 (noting in the context of racial discrimination that the fact that the adverse

decision makers were of a different race than the plaintiff did not create an inference of discrimination). This is especially true given that Allbaugh both alleges that his interviewers were decision makers behind the decision not to hire him and that one of his interviewers was a man. (Doc. 21, at 4). Allbaugh's allegation that the University of Scranton's three or four employee Office of Equity and Diversity only has female staff members also does not create an inference of discrimination. (Doc. 21, at 4-5); *see Chandler,* 927 F. Supp. 2d at 183 (noting that allegations that a university's graduate school enrolled and employed substantially more white students than black students did not create an inference of discrimination). Finally, the Court agrees with Judge Schwab that Allbaugh's conclusory statement that Collins was less qualified than him does not create an inference of discrimination. (Doc. 34, at 12); *see Bradley,* 2011 WL 2411026, at *2 (finding a conclusory statement that the defendant replaced the plaintiff with "less qualified female" insufficient to create an inference of sex discrimination). Allbaugh asserts that Collins was less qualified because, upon information and belief, she does not have the same work experience as him, but he also alleges that she worked in higher education and specifically worked at the University of Scranton. (Doc. 21, at 4, 32). A defendant hiring an individual with a preexisting work relationship with that defendant does not create an inference of discrimination and the Court cannot infer discrimination based on Allbaugh's conclusory assertion that Collins is less qualified than him. *See Royster,* 595 F. App'x at 108 (finding that a school district hiring candidates with a preexisting working relationship with the school district over an external candidate plaintiff did not create an inference of discrimination); *see also Bradley,* 2011 WL 2411026, at *2. The Court agrees with Judge Schwab that, even when considering Allbaugh's allegations as a whole, Allbaugh does not raise allegations which create "a reasonable expectation that discovery will show that he

was qualified or not hired based on improper considerations." *Gladden*, 490 F. App'x at 412. The Court further agrees with Judge Schwab that Allbaugh should be denied leave to amend because he has already been granted an opportunity to cure the deficiencies in his complaint and failed to do so. (Doc. 34, at 12-13); *see Lawrence v. Fed. Bureau of Prisons*, No. 1:23-CV-00060, 2023 WL 2923134, at *4 (M.D. Pa. Apr. 12, 2023) (stating "[Plaintiff] has already been granted leave to amend once. Further leave to amend will be denied because [Plaintiff] has failed to cure the fundamental deficiencies with his complaint even after 'amendments previously allowed'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court **ADOPTS** Judge Schwab's report in full. (Doc. 34).

### IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the report **in full** as a decision of the Court. (Doc. 34). Allbaugh's objections are **OVERRULED**. (Doc. 35; Doc. 36). The University of Scranton's motion to dismiss is **GRANTED**. (Doc. 23). Allbaugh's amended complaint is **DISMISSED with prejudice**. (Doc. 21). As Allbaugh is denied leave to amend, the Clerk of Court is directed to close this matter.

An appropriate Order follows.

**Dated: May 11, 2026**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**